THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

LOUISA J. MANNING.

*Opinion filed December 22, 1897.*

1. CARRIERS—*proof of payment of fare not necessary to show relation of carrier and passenger.* Proof of payment of fare is not essential to establish the relation of passenger and carrier between the plaintiff and the defendant street railroad company, where the plaintiff entered the car in the usual way, conducted herself as a passenger, and was conveyed as such from where she boarded the car to where she was injured in attempting to alight.

2. SAME—*stopping street car at crossing—duty to parties getting on or off.* Servants in charge of a street car which has stopped at or near a street crossing must exercise reasonable care, before again starting the car, to see that passengers getting on or off the car are not in such a position as to be endangered by putting it in motion.

3. SAME—*ordinance for stopping cars at further crossing—duty of servants stopping car at nearer one.* The fact that a city ordinance provides that street cars stopping at street intersections shall stop at the further cross-walk, does not relieve those in charge of a car stopping at the nearer cross-walk from using reasonable care to see that persons attempting to get on or off will not be endangered by starting the car.

4. SAME—*stopping car at nearer cross-walk may be regarded as an invitation to alight.* Where a street car approaching a street intersection comes to a stop at the nearer cross-walk, passengers who have

170—27

reached their destination may reasonably regard it as an invita-tion to alight, and persons desiring to become passengers may, without any necessary imputation of negligence, attempt to enter.

5. NEGLIGENCE—*questions of fact which are settled by the Appellate Court's judgment of affirmance.*    Whether a street car was suddenly started while the plaintiff was attempting to alight, and whether the plaintiff was exercising ordinary care for her safety, are ques-tions of fact, which are conclusively settled by the judgment of the Appellate Court affirming that of the trial court.

6. SAME—*person not required to use highest degree of care in alighting from street car.*    An instruction, in an action against a street rail-road company for injuries received by the plaintiff in alighting from the car, that the jury should find for the defendant if they believed, from the evidence, that the circumstances called for the exercise of the highest degree of care by the plaintiff, and that by its exercise the injury might have been avoided, is erroneous.

7. SAME—*what is ordinary care depends upon the circumstances of each case.*    Where circumstances are such that an ordinarily prudent person would exercise a greater degree of care than under less threatening circumstances, such greater degree of care is but or-dinary care under the particular circumstances.

8. SAME—*when instruction in action for negligence is properly refused.* In an action against a street railroad company for injuries received by plaintiff in alighting, an instruction that the passengers are presumed to know that the proper places to alight are at the fur-ther cross-walks, and that servants in charge of the car may as-sume that passengers, in alighting, will exercise reasonable care with reference to such knowledge, is properly refused.

*West Chicago Street R. R. Co.* v. *Manning,* 70 Ill. App. 239, affirmed.

APPEAL from the Appellate Court for the First Dis-trict;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

ALEXANDER SULLIVAN, (EDWARD J. McARDLE, of counsel,) for appellant:

Where an averment of a declaration descriptive of a material fact, which cannot be omitted without destroy-ing the cause of action declared on, is put in issue, it must be proved as laid.    *Railway Co.* v. *Friedman,* 146 Ill. 583; *Bloomington* v. *Goodrich,* 88 id. 558; *Moss* v. *Johnson,* 22 id. 633; *Bell* v. *Senneff,* 83 id. 122; *Davidson* v. *Johnson,* 31 id.

523; *Railroad Co.* v. *Morkenstein*, 24 Ill. App. 128; 1 Chitty's Pl. 227; Stephens' Pl. 236, 237; Starkie on Evidence, 570, 572, 389; 1 Greenleaf on Evidence, sec. 58; *Erragon* v. *Rutland*, 58 Vt. 128.

One who takes doubtful chances cannot complain of injury against another, unless, after his peril was discovered or was discoverable by due care, the defendant, by the exercise of due care, could have avoided it. *McClain* v. *Railroad Co.* 116 N. Y. App. 459.

For a disregard of the court's instructions by the jury its verdict should be set aside. *Higgins* v. *Lee*, 16 Ill. 495.

An instruction should not ignore, but be limited by, the pleadings and confined to the issues raised thereon, and if it does so the verdict should be set aside. *Railway Co.* v. *Shires*, 108 Ill. 617; *Mosher* v. *Rogers*, 117 id. 446; *Railroad Co.* v. *Snider*, id. 376; *Bourland* v. *Gibson*, 124 id. 605; *Assurance Co.* v. *Weaver*, 23 Ill. App. 95; *Railroad Co.* v. *Morkenstein*, 24 id. 128; *Swift & Co.* v. *Raleigh*, 54 id. 45.

An instruction should not submit matters or facts of which there is no evidence. *Railroad Co.* v. *Parker*, 131 Ill. 557; *Railroad Co.* v. *Morkenstein*, 24 Ill. App. 128.

Different hypotheses of liability should not be submitted in a single instruction. *Railroad Co.* v. *Johnson*, 103 Ill. 512; *Wooley* v. *Lyon*, 117 id. 244.

Instructions should not omit an essential element. *Wooley* v. *Lyon*, 117 Ill. 244.

He who takes a hazardous step assumes the risk of all its perils and dangers. *Railroad Co.* v. *Hall*, 72 Ill. 222; *Simmons* v. *Railroad Co.* 110 id. 340.

Instructions should not summarize evidentiary facts. *Evans* v. *Dickey*, 117 Ill. 291.

Where one takes a hazardous course, care in proportion to the danger is requisite. Beach on Cont. Negligence, sec. 9, p. 22; *Barker* v. *Savage*, 43 N. Y. 191; *Railroad Co.* v. *Whitacre*, 35 Ohio St. 627; *Railroad Co.* v. *Olson*, 12 Ill. App. 245; *Railway Co.* v. *Reilly*, 40 id. 416; *Childs* v. *Railroad Co.* 33 La. Ann. 154; *Gumb* v. *Railway Co.* 53 N. Y. Sup. 466;

*Railroad Co.* v. *Houston*, 95 U. S. 697; *Miller* v. *Railway Co.* 42 Minn. 454; *New York* v. *Bailey*, 2 Denio, 433.

Custom does not justify a negligent act.    *Pulsifer* v. *Berry*, 87 Me. 405.

HENRY D. BEAM, and WILLIAM R. RUMMLER, for appellee:

A peremptory instruction to find for the defendant is properly refused where there is evidence tending to establish a cause of action.    *Steel Co.* v. *Schymanowski*, 162 Ill. 447; 59 Ill. App. 32; *Chalmers* v. *Schroeder*, 163 Ill. 459; 60 Ill. App. 519.

A party is not bound to prove matters which are merely surplusage.    If the proof does not correspond with such matters the variance is immaterial.    *Pennsylvania Co.* v. *Conlan*, 101 Ill. 93.

If the whole of an averment may be stricken out without destroying the plaintiff's right of action it is not necessary to prove it.    *Williamson* v. *Allinson*, 2 East, 446; *Maxwell* v. *Maxwell*, 31 Me. 184.

Where a driver stops a car at a place where passengers are in the habit of getting off, he must not start it again until he knows he can do so in safety to his passengers.    People may get off when and where they please, provided the car is stopped when they attempt to do so. *Railway Co.* v. *Mills*, 105 Ill. 67; *Railway Co.* v. *Mumford*, 97 id. 567; *Railroad Co.* v. *Cook*, 145 id. 551; *Ward* v. *Railway Co.* 165 id. 462; *Railroad Co.* v. *Arnol*, 144 id. 261.

A contract is implied, where one takes passage with a common carrier, that he shall pay a reasonable price or reward for being carried, and that the carrier shall exercise due care, skill and diligence in transporting him safely and speedily to the journey's end, and it is not necessary to prove an express contract or actual payment of the reward.    Angell on Com. Carriers, secs. 124, 461, 467; *McGill* v. *Rowland*, 3 Barr, 451; *Frink* v. *Schroyer*, 18 Ill. 419.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county entered in favor of the appellee in the sum of $3500, in an action on the case brought by appellee, against the appellant company, to recover for injuries alleged to have been sustained by the appellee while a passenger on one of the appellant's trains of street cars, through the negligence of the servants of the company in charge of the train, as was alleged.

It is urged by the appellant company there is a total absence of evidence to show that appellee was a passenger, and in the same connection it is insisted the jury disregarded the instructions given by the court, which expressly directed them that the allegation in the declaration the appellee was a passenger must be supported by proof that she was a passenger and had paid her fare. We find no proof in the record upon the question whether the conductor had collected fare from the appellee, nor do we think it is necessary such payment should have been affirmatively proven. In *North Chicago Street Railroad Co.* v. *Williams*, 140 Ill. 275, we said (p. 288): "It is not necessary that there be an express contract in order to constitute the relation of carrier and passenger, nor that there should be a consummated contract. The contract may be implied from slight circumstances, and it need not be actually consummated by the payment of fare. * * * The whole matter seems to depend largely upon the intention of the person at the time he enters the car." In the same case the court cited with approval a quotation from the opinion in the case of *Butler* v. *Glen Falls and C. Railroad Co.* 121 N. Y. 112, as follows: "It does not seem reasonable to assume, as a matter of law, that a person who in an orderly way attempts to enter a street car as a passenger is to be regarded as a trespasser until a special contract has been made with the conductor, based upon the payment of the required fare." The rule

is declared in Hutchinson on Carriers (sec. 565) to be: "It is universally agreed that the payment of the fare or price of the carriage is not necessary to give rise to the liability. The carrier may demand its payment, if he chooses to do so, but if he permits the passenger to take his seat or to enter his vehicle as a passenger without such requirement, the obligation to pay will stand for the actual payment, for the purpose of giving effect to the contract, with all its obligations and duties. Taking his place in the carrier's conveyance with the intention of being carried creates an implied agreement upon the part of the passenger to pay when called upon, and puts him under a liability to the carrier, from which at once spring the reciprocal duty and responsibility of the carrier."

The proof is ample that appellee entered the car in an open, orderly manner, conducted herself as a passenger and was conveyed as such, together with other passengers, from the place where she boarded the car to the place where she was injured in attempting to alight from it. In the absence of any testimony tending to question her standing as a passenger, the inference she bore that relation to the company inevitably arose. Express affirmative proof of the payment of fare was not essential to warrant the jury in regarding her as a passenger. Aside from this, in the statement of the case in the brief of appellant filed in this court, counsel for appellant say: "Plaintiff became a passenger on one of defendant's trains of street cars at Bishop court, on Madison street, to be carried into the city." The instruction of the court that appellee could not recover unless it expressly appeared in proof she had paid her fare was erroneous, and therefore the refusal of the jury to accept and be controlled by it does not constitute error reversible in character. *McNulta* v. *Ensch,* 134 Ill. 46.

It is next urged the court erred in refusing to arrest the judgment. The reason urged in support of the motion is, the declaration failed to set forth a cause of action.

The *gravamen* of the charge in both of the counts of the declaration is, the car was stopped at the corner of Washington street and Fifth avenue; that appellee attempted, with due care and caution, to alight, and that the employees of the defendant company in charge of the train of cars negligently and without warning caused the car to be suddenly and violently started, and thereby the plaintiff was thrown with great force and violence from the car and greatly bruised and wounded, etc. The supposed deficiency in the declaration is the omission of an averment that the place where the car was stopped was a regular place of stopping for the purpose of enabling passengers to leave the car, or that appellee notified the employees of the appellant in charge of the car, by signal or otherwise, of her desire or intention to alight there. The declaration charged that the car stopped at a street crossing, and that it then became the duty of the appellant company to give the appellee an opportunity of safely alighting; that it did not regard such duty, but negligently and carelessly put the car in motion while appellee, with due care, was endeavoring to leave the car. The appellant company did not see fit to challenge, by a demurrer, the legal sufficiency of the averments, but filed the general issue, thus denying the truth of the allegations, and therefore could not be allowed to complain, after a hearing before the jury, that the allegation that the duty arose to see that passengers were not in dangerous positions before moving the car was but a mere conclusion of the pleader, and therefore such a fault as demanded the court should refuse to enter judgment. Moreover, we incline to the view that whenever a street car is stopped at or near a crossing of streets, before the car is again put in motion the duty is cast upon those in charge of the car of exercising proper and reasonable care for the safety of passengers. It is within common knowledge and observation that passengers enter and alight from street cars at or near the crossings of streets, and

that street cars stop at street intersections for the purpose of receiving and discharging passengers. If a car is brought to a stop at or near such crossings, it is not unreasonable to charge the conductor and grip-man in control of the car with notice that passengers may avail themselves of the opportunity thus presented for leaving the car, and also with the duty of exercising a reasonable degree of care, before putting the car again in motion, to see that passengers seeking ingress into or egress from the car are not in such positions as to be endangered by putting the car again in motion.

In the case at bar an ordinance of the city of Chicago was introduced, as follows:

"Cars stopping at a street intersection shall stop at the further walk thereof, so that the cars shall not, when stopped, interfere with the travel on cross-streets; and, subject to the foregoing provision of this section, and excepting on bridges, all street cars shall stop to receive and to let off passengers wherever they are desired to do so, excepting between the hours of six o'clock and eight o'clock A. M. and five o'clock and seven o'clock P. M., during which hours they may regulate their stopping by the first provision of this section. Each team of horses hitched to a street car shall have a bell or bells attached to them."

It appears that the car in this instance stopped at or just before reaching the nearest walk of the street intersection, and the contention of the appellant company is, the appellee should have remained in her seat until the car had crossed the intersection of the street and stopped at the further walk, where it was required to stop by the provisions of the ordinance. The purpose of the requirement of the ordinance is expressly stated in it to be to avoid interference with travel on cross-streets, which would occur if the cars were stopped at the nearest walk, the body of the car or train extending into and obstructing the cross-street. The means of ingress to or egress

from a car, so far as the safety of the passengers is concerned, are not different at the different walks. The company makes no provision at either of the walks for the safety or convenience of persons desiring to enter or leave its cars. At either place passengers step from the car to the surface of the street. Even under the ordinance both walks are stopping places, depending upon the direction in which the car is moving. If a car approaching a street crossing comes to a stop at the nearest walk, passengers who have reached their destination may not unreasonably regard it as an invitation to alight, and other persons desiring to become passengers may, without any necessary imputation of negligence, endeavor to enter the car. Conductors, car-drivers, or others in charge of the movement of the car or train, after having brought the car to a stop cannot be permitted, because of the ordinance, to ignore the fact that passengers, or those desiring to become such, may be imperiled by putting the car again in motion without notice or warning. It is the duty of such persons so controlling a car to exercise reasonable precaution to avoid injuring those who may, under such circumstances, be endeavoring to alight from or enter the car, and the adoption of the ordinance had no effect to relieve such employees of the appellant company from their obligation and duty in this regard.

It is urged the court erred in refusing the motion made by the appellant, at the close of all the testimony, to exclude the evidence and instruct the jury to return a verdict for the appellant company. The first ground urged in support of the motion is, no proof was introduced to support the allegation that the car stopped at the corner of Washington street and Fifth avenue. It is not contended there was no evidence the car was brought to a stop, but the insistence is the proof upon the point showed the car was stopped before it reached the intersection of those streets, and though near the corner was

not precisely at it when it stopped. Nothing need be said upon this point further than we find the evidence tended to sustain the substance of the allegation.

The remaining grounds urged in support of the motion are, there was no proof that the car, after being stopped, was suddenly and violently started, as charged in the declaration, and that it did not appear the appellee exercised ordinary care for her own safety. The testimony of Mrs. Moore, a witness for the appellee, and of appellee herself, if accepted by the jury, as it seems to have been, warranted the finding the car, after being stopped, was suddenly put in rapid motion. This was a contested question of fact, but the evidence in support of the position of the appellee was such as to demand the submission of the question to the jury, and the verdict of the jury and the judgment of the Appellate Court are conclusive as to the fact. Whether the appellee exercised ordinary care and prudence on the occasion in question was a question of fact to be determined by the jury under proper instructions of the court.

It is complained the court in this connection refused to give the following instruction:

26. "The jury are instructed that ordinary care and prudence is the exercise of that care which every person of common prudence bestows upon her affairs and concerns, and a person about to make a movement or to take an action which, under all the surroundings and circumstances, would appear to an ordinarily prudent and careful person exercising due care for her own safety to be attended with risk and danger to her person, must exercise the highest degree of vigilance and care for her own safety; and if the jury believe, from the evidence, that the circumstances in this case required from the plaintiff the exercise of that care, and that by its exercise the injuries complained of in this case might have been avoided, the jury should find the defendant not guilty."

The instruction should not have been given.   Ordinary—not the highest—degree of vigilance and care is all that is required.   What is ordinary care depends upon the circumstances of the particular instance.   When the circumstances are such that an ordinarily careful and prudent person would deem it essential to exercise a greater degree of care and caution than upon less threatening circumstances, such greater degree of care would be but ordinary care.   The test always is, not that the highest possible care and caution shall be exercised, but such degree of care, only, as an ordinarily careful and prudent person would exercise in like situation.   The law upon this feature of the case was clearly and fully stated to the jury in instructions given for the appellant, numbered 7, 10, 11, 19 and 20, and the single instruction given for the appellee was properly qualified and restricted so the jury should fully understand appellee's right of recovery should be made to depend upon whether she had exercised due and ordinary care.

The court granted eighteen instructions as asked by the appellant company, modified one and refused six. The instruction which was modified related to the requirement of law that the appellee should use ordinary care, and was as follows:

20. "[The court instructs the jury that] in determining the question whether the plaintiff was negligent in and about alighting from the street car in question under the circumstances under which the jury find, from the evidence, the plaintiff did so, they are to take into consideration not alone the age and condition of the plaintiff at the time, but also the relative danger and risks attending the act of alighting from a car propelled by cable, as the one in question was, and the character and condition of the locality and the plaintiff's prior knowledge of its character and condition, *as shown by the evidence;* and they are instructed that the plaintiff was required to

exercise care for her safety in proportion to the dangers and risks attending the act of alighting from a cable car under such circumstances, and a failure on her part to exercise this care is negligence which deprives her of the right of recovery in this action; and if the jury believe, from the evidence in this case, that the plaintiff did not exercise such care, and was guilty of such negligence, and that such failure to use such care and such negligence contributed in any way to the injury complained of in this action, then the jury should find the defendant not guilty."

The modification was effected by striking out the words within the brackets and adding the words in italics. No complaint is made in the brief of the modification, and clearly there is no room for any such complaint. The instruction as modified stated the law upon the point in all respects as favorably as possible for the appellant company, and removed all grounds of complaint of the rulings of the court upon the point.

The court refused instruction No. 22, asked by the appellant. This instruction asked the court to advise the jury that passengers on the cars of the appellant company are presumed to know the proper places for passengers to alight are at the further crossings of street intersections, and that the servants of the appellant company in charge of the cars have a right to assume that persons intending to alight will exercise for their own safety reasonable and ordinary care with reference to such knowledge, and the circumstances attending the operations of the cars at the time, etc. We are aware of no presumption of law that passengers know the proper places to alight from street cars are at the further crossings of street intersections. If such a presumption exists, it is one of fact for the jury to determine,—not to be declared by the court as matter of law. Moreover, the instruction omitted all reference to the fact the car in question was stopped at the nearest street walk of the

crossing, and ignored the fact that passengers might well assume such stopping was to enable them to leave the car at such nearest walk.

Complaint is made that the court gave the following instruction asked on behalf of the appellee:

"The court instructs the jury, as a matter of law, that it was the duty of the defendant, as a common carrier of persons of Chicago, when it stopped its cars, whether in consequence of a signal from some passenger on the car or not, not to start the same again while its passengers, or any of them, were in the act of getting off the car, if the fact that its passengers, or any of them, were in the act of alighting was known to the person having charge of said car, or would be known to such person by the exercise of due care and caution in the discharge of his duties; and as a common carrier of passengers the defendant should give its passengers a reasonable opportunity to alight from its cars when standing still, before starting the same, if the fact that its passengers, or any of them, desire to alight is known, or by the exercise of due care and diligence would be known, to the person in charge of the car. And if the jury believe, from the evidence in this case, that on the twenty-second day of September, 1893, the plaintiff was a passenger upon one of the street cars of the defendant, operated by it on Washington street and Fifth avenue, in said city of Chicago, and that while such car of the defendant in which the plaintiff and others were being conveyed as passengers was driven along Washington street, west of and towards Fifth avenue, it was stopped for the purpose of allowing its passengers, or some of them, among whom was the plaintiff, to get off, or had stopped for any other purpose, with or without a signal to stop, and when so stopped its passengers, or some of them, were in the act of getting off said car, and that the grip-man or other person in charge of said car for the defendant knew, or by the exercise of due care and caution in the discharge of his

duties would have known, that said passengers were in the act of getting off said car, and if you further find, from the evidence, that the plaintiff at this time and place, the said car being stopped and not in motion, (if you find, from the evidence, that such was the fact,) in the exercise of due care and diligence on her part was also in the act of alighting from said car, and that the defendant, by its grip-man, started the said car while the plaintiff was so getting off and before she had a reasonable time to do so, and thereby threw the plaintiff down upon the street, and by reason thereof the plaintiff was greatly injured in and about her hips, and was thereby otherwise greatly bruised and suffered severe bodily pain and injury, without negligence or fault on her part and by reason of negligence or carelessness on the part of the defendant's servants in charge of said car, (if you find, from the evidence, that such servants of the defendant were guilty of carelessness or negligence in starting said car,) then the defendant would be liable for the damages, if any, thereby sustained by the plaintiff, and the jury should find the issues herein for the plaintiff, and assess her damages at such sum as the jury shall find, from the evidence, she has thereby sustained."

A number of objections are urged to this instruction, but what has been said hereinbefore disposes of such objections in the main. It is vigorously protested the effect of this instruction is to declare that if a street car is stopped at any place, for any purpose, the passengers may proceed to alight, and that the conductor in charge of the train or car, and the car-driver, must, before starting the car, exercise care and diligence to see that no one is or will be endangered by putting the car again in motion. Without assuming to declare whether the instruction should be sustained if susceptible of the construction sought to be put upon it by counsel for the appellant company, we may dismiss the subject by the remark it is plainly not susceptible of such construction.

In its first part the declaration of the instruction, in substance, is the statement of a principle of law in the abstract, and the remainder of the instruction is devoted to an application of that principle. In declaring the principle in the abstract and in applying it to the case in hand, the duty declared to devolve upon the employees of the company in charge of the car to give its passengers a reasonable opportunity to alight after the car had been stopped, from whatever cause, and not to start the car while any of the passengers were in the act of getting off, only arose if the fact that the passengers, or some of them, were in the act of leaving the car was known to the persons so in charge of the movement of the cars, or would have been known by the exercise of due care and caution in the discharge of their duties in the respective capacities in which they were serving the company in the control and management of the car or train of cars. Whether a street car is stopped at a place for discharging passengers and for the purpose of discharging them, or at some other place and for a different purpose, if stopped at all, the rule with relation to the duty of those controlling the car with reference to the safety of passengers whom the persons in charge of the car or train know are endeavoring to alight from the car is the same. Reasonable and ordinary care must be observed to avoid injuring them, and no reason is perceived why the same degree of care and diligence should not be required if the circumstances are such that in the discharge of the duties of their respective positions such persons so in charge of the cars would, in the exercise of ordinary care for the safety of passengers, have known that passengers were endeavoring to alight from the cars. This instruction is unnecessarily verbose, and for that reason in a degree is lacking in clearness, but is free from error reversible in character.

We find no error in the record, and the judgment is affirmed.                              *Judgment affirmed.*