ANNIE L. HUFFORD, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 6, 1908.

1. **PASSENGER CARRIERS: Negligence: Evidence: Jury.** Evidence reviewed and held ample to fully justify the submission of the case to the jury.

2. **————: ————: Alighting Passenger: Instruction.** An instruction failing in direct words to refer to the usual stopping place of the car and to submit to the jury the question in so many words whether the carrier's employees knew of the passenger being in the act of alighting at the time of the alleged negligence, is held complete as containing all the elements necessary to authorize a recovery.

3. **————: Personal Injury: Measure of Damages: Instruction.** An instruction on the measure of damages is held not defective in failing to call attention to specifications alleged in the petition and to be sustained by the evidence; and if not as specific as defendant desired, he should have asked the court to give a proper instruction.

4. **EVIDENCE: Personal Injury: Expert: Conclusion.** The evidence of an expert as to whether the alleged negligence could have produced the alleged injury is held competent and to have been the expression of an opinion and not in the nature of a conclusion.

5. **PERSONAL INJURY: Excessive Verdict: Court's Discretion: Appellate Practice.** On the evidence a four-thousand-dollar verdict is held not excessive and it is further held that the credibility of the witnesses was for the trial court, and there is nothing to show an abuse of the court's discretion.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

AFFIRMED.

*John H. Lucas* for appellant.

(1) The court erred in refusing to sustain the demurrer offered by the appellant and its peremptory instruction. There is no evidence to sustain the allegations of the petition. Meriwether v. Railroad, 45 Mo. App. 534; Beehan v. Transit Co., 186 Mo. 44; Bond v. Railroad, 110 Mo. App. 138; Peck v. Railroad, 178 Mo. 627; Furber v. Bolt & Nut Co., 185 Mo. 311; Cogan v. Railroad, 101 Mo. App. 190; Weaver v. Railroad, 60 Mo. App. 212; Stokes v. Burns, 132 Mo. 223; Smith v. Railroad, 113 Mo. 70; Hite v. Railroad, 130 Mo. 141; Lehnick v. Railroad, 118 Mo. App. 617. (2) The court erred in giving instruction numbered 1 as requested by the plaintiff, and in giving instruction numbered 2 as requested by the plaintiff. These instructions enlarge the issues between the plaintiff and defendant. They ignore the allegations of the petition and are calculated to and did mislead the jury in relation thereto. Bank v. Metcalf, 29 Mo. App. 395; Marr v. Bunker, 92 Mo. App. 661; Heinzle v. Railroad, 182 Mo. 528; Koenig v. Railroad, 173 Mo. 698; Hamilton v. Railroad, 14 Mo. App. 512; McQuillin's Instructions, p. 51; Fisher v. Transit Co., 198 Mo. 589; Pandjiris v. Hartman, 196 Mo. 539. (3) The court erred in the admission of incompe-

tent evidence, viz.: The evidence of the witness, George F. Berry. Taylor v. Railroad, 185 Mo. 256; Glasgow v. Railroad, 191 Mo. 358; Roscoe v. Railroad, 202 Mo. 594. (4) The court erred in overruling the defendant's motion for a new trial. The damages are excessive. The verdict should have been for the defendant instead of for the plaintiff, and there is no substantial evidence upon which to predicate a recovery herein. Taylor v. Railroad, 185 Mo. 257; Stoetzele v. Swearingen, 90 Mo. App. 588; Haynes v. Trenton, 108 Mo. 123.

*A. S. Lyman* and *Walsh & Morrison* for respondent.

(1) The evidence amply sustains the allegation of the petition that the car stopped and plaintiff was injured by its being suddenly started while she was in the act of alighting. (2) The weight of the evidence on the question of defendant's negligence is in plaintiff's favor. (3) Plaintiff's first instruction fully covers the case and is not erroneous. Duffy v. Transit Co., 104 Mo. App. 240; Cobb v. Railroad, 149 Mo. 135; McGee v. Railroad, 92 Mo. 218. At all events the instruction was good so far as it went. If defendant thought it not sufficiently specific it should have asked further instructions. Montgomery v. Railroad, 181 Mo. 498; Brown v. Railroad, 13 Mo. App. 466; State ex rel. v. Donnelly, 9 Mo. App. 532; State ex rel. v. Branch, 151 Mo. 636; Moore v. Railroad, 73 Mo. 440. (4) Plaintiff's instruction No. 2 is not erroneous. Parman v. Kansas City, 105 Mo. App. 691 and cases cited; Dunn v. Railroad, 81 Mo. App. 42; O'Neill v. Blase, 94 Mo. App. 668; McNamara v. Transit Co., 106 Mo. App. 353. (5) The hypothetical question asked the physician was properly worded. Glasgow v. Railroad, 191 Mo. 360; Taylor v. Railroad, 185 Mo. 256. (6) The verdict is not excessive.

BROADDUS, P. J.—The plaintiff's suit is to recover damages for an injury alleged to have been the

result of defendant's negligence. The alleged grounds of negligence are: that on the 14th day of February, 1905, at 6:45 A. M., the plaintiff while a passenger on one of the defendant's cars going south on Grand avenue, and while she was attempting to alight therefrom after the car reached Eighteenth street and had stopped, was thrown from the car by its sudden starting, to the pavement and severely injured. The defendant contends that there is no evidence to support the allegation of negligence.

In a general way the evidence tends to show that on the approach of the car to Eighteenth street the plaintiff rang the bell preparatory to getting off, but it seems that from some cause or other the car stopped before it arrived at the usual place for that purpose. The motorman who was in charge at the time testified in answer to a question as to how the plaintiff got hurt as follows: "Well, after we passed Seventeenth street I commenced applying my brake to stop for Eighteenth street, and the car kept gaining speed and before we got to Eighteenth—probably a hundred and fifty feet—I reversed the car, and the car stopped in thirty-five or forty feet of Eighteenth street, and I shut the current off and turned the car loose and attempted to stop it by the handbrake and by the time I got it stopped with the handbrake it had run twelve or fifteen feet further, perhaps twenty." The evidence tends to show that it was when the car first stopped a few seconds that plaintiff attempted to alight, but the car started before she had time to do so. This point was not the usual place for the car to stop to let off and take on passengers which was some few feet further on. The plaintiff testified, that the conductor called out Eighteenth street and that she gave the signal for stopping, went to the platform preparatory to getting off, and that the car stopped and

as she was attempting to alight, it started and threw her to the pavement below. There is other evidence besides her own and that of the motorman that the car did stop for a short time. The defendant's evidence is in conflict with that of plaintiff, and to the effect, that she stepped off the car while it was in motion or that she was thrown therefrom as the result of the effort of the motorman to stop the car.

We cannot agree with defendant's contention that there was no evidence to support the allegation of negligence. On the contrary it was ample and fully justified the court in submitting the case to the jury.

It is insisted that the court was in error in giving instruction numbered one at the instance of the plaintiff. The said instruction reads as follows:

"The court instructs the jury that if they shall believe and find from the evidence in this case that on the 14th day of February, 1905, plaintiff was a passenger upon one of the electric street cars of the defendant's South Broadway line exercising reasonable care and diligence, and that when said car had reached about the middle of the block on Grand avenue, between Seventeenth and Eighteenth streets, plaintiff gave the customary signal to stop said car at the north side of Eighteenth street, and that when the said car had reached a point on Grand avenue about twenty-five to thirty feet from said Eighteenth street the conductor in charge of said car called out Eighteenth street, and that plaintiff then left her seat in said car and went out upon the rear platform of said car, and that said car came to a full stop, and that plaintiff then commenced to step down from the platform and step off said car, and that while she was in the act of stepping down from said car and before she had alighted therefrom the said car was negligently, carelessly moved suddenly forward and by reason of such sudden forward movement of said car plaintiff was thrown violently from said car to the

ground and was injured, then your verdict in this case. should be for the plaintiff." The criticism is that, it did not contain all the necessary elements which would authorize a recovery, viz.: "That it ignores the time and. place in which the car stopped. It entirely overlooks, the degree of care that would be required of the railway company under the circumstances set forth in the peti-, tion in this: If it was not the ordinary and usual place for stopping the car, then the defendant company could only be liable in the event that the employees knew or might have known as stated in the petition, that the plaintiff was in the act of alighting therefrom."

It will be observed that the instruction does not ig-, nore either time or place but it does fail to refer to the usual stopping place for the car, and it does not submit to the jury the question in so many words whether the defendant employees knew or might have known that plaintiff was in the act of alighting at the time. Not-, withstanding however these omissions it refers to other matters which we think were within the real issues for the jury to determine. All the evidence tends to show that when the car first stopped if it did stop it was but a short distance from the usual stopping place. But notwithstanding such was the case the plaintiff was justified in her attempt to alight from the car if in the language of the instruction "the conductor in charge of said car called out Eighteenth street," and the car then stopped whether it was or was not just at the usual place for stopping. And furthermore if the conductor called out in the manner as stated, Eighteenth street and the car stopped prematurely, but near said street, the plaintiff had the right to assume that the car had stopped for the purpose of letting her alight therefrom and it was the duty of defendant's conductor as a matter of course after having called out the street and the place for stopping to have known whether any of the

passengers were preparing to alight, and not to have started the car while they were in the act of doing so. The instruction we think was complete and contained all the necessary elements to authorize a recovery. The case of Duffy v. Transit Co., 104 Mo. App. 235, is much like this in principle where it was held that the plaintiff was entitled to recover. And so are the cases of Cobb v. Railroad, 149 Mo. 135, and McGee v. Railroad, 92 Mo. 208.

Instruction numbered two is assailed on account of its general nature and character; and that "It wholly fails to call the attention of the jury to the specifications alleged in the petition, and is wholly unsustained by any evidence as to any pain or suffering or any further damages. . . ." It reads as follows: "The court instructs the jury that if you shall find for the plaintiff you will assess her damages at such sum as you may believe and find from the evidence, will fairly compensate her for the injuries, if any, sustained by her, and for loss of and damages, if any, thereby occasioned, and also for such loss and damage and pain and suffering as you may believe and find from the evidence she will suffer in the future, if any, on account of and as the reasonable result of said injuries, in all not to exceed the sum of twenty-five thousand dollars." The petition alleges many severe injuries to the person of the plaintiff, that she will forever remain a sick, sore and disabled woman; and that she will suffer pain in the future.

The case of Fisher v. Transit Co., 198 Mo. 589, cited by defendant in its attack on the instruction we do not think applicable. The objection to the instruction in that case, the court thought would authorize the jury to take cognizance of a matter for which the plaintiff was not entitled to recover. In Pandjiris v. Hartman, 196 Mo. 539, the holding of the court was that an instruction as to the measure of damage should be based upon the evidence. On the contrary there are many cases

in our decisions which hold that an instruction of this character is not bad and that if defendant desires one more elaborate and explicit it is his duty to ask the court to give it. [Parman v. Kansas .City, 105 Mo. App. 691; Wheeler v. Bowles, 163 Mo. 398; Haymaker v. Adams & Sons, 61 Mo. App. 581; Browning v. Railroad, 124 Mo. 55.]

The third assignment of error is the admission of incompetent evidence. Dr. Berry who was testifying as an expert was asked, if a certain injury to plaintiff could have been produced by her fall from the car. The defendant objected to the question for the reason, that it tends to prove injuries not alleged in the petition and not shown to have been caused by the accident. The objection was overruled and the witness answered that "An injury such as described could cause only a portion of this trouble. It could cause anteversion or tipped forward condition of the uterus. The other part it could not." The objection made here is not the same as made at the trial to the competency of the evidence. The argument is that the answer of witness is in the nature of a conclusion and not the expression of an opinion. Taylor v. Railroad, 185 Mo. l. c. 256; Glasgow v. Railroad, 191 Mo. l. c. 358; Roscoe v. Railroad, 202 Mo. l. c. 594, do not sustain defendant's argument, on the contrary these cases hold exactly to the reverse, and that such an answer is not a conclusion but the expression of an opinion.

The verdict was for $4,000 and defendant seems to think it is excessive under the evidence. If plaintiff's account of her injuries are true the verdict is not large. We are not authorized to pass upon the credibility of the witnesses. The judge before whom the case was tried did not think the verdict was excessive, and there is nothing to show that he abused the discretion reposed in him in that respect. The cause was well tried. Affirmed. All concur.