CITIZENS' RY. CO. v. HALL.

(Court of Civil Appeals of Texas. Austin. May 17, 1911. Rehearing Denied June 14, 1911.)

1. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMED FACTS.

Where, in an action for injuries to a street car passenger while endeavoring to alight, the court left it to the jury to say whether or not the car stopped, an instruction that it was the motorman's duty when he stopped the car to let passengers on or off to exercise such care as a reasonably prudent motorman would exercise under similar circumstances, etc., was not objectionable, in that it assumed that the car was stopped to let off passengers at the time of the injury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431; Dec. Dig. § 191.*]

2. CARRIERS (§ 303*)—STREET RAILROADS—INJURIES TO PASSENGERS—PREMATURE START.

Where a street car stopped at a place where it might be reasonably expected that passengers would alight, and a passenger who did not know that the car had not stopped to allow passengers to alight was injured by the unexpected and negligent starting of the car, the carrier would be liable without reference to the purpose for which the car was stopped.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1238; Dec. Dig. § 303.*]

3. CARRIERS (§ 320*)—INJURIES TO PASSENGERS—NEGLIGENCE—ABSENCE OF CONDUCTOR—QUESTION FOR JURY.

Where a street car passenger was injured while attempting to alight by the sudden starting of the car, and complained that the carrier negligently failed to employ a conductor to regulate the movements of the car, the court did not err in submitting the carrier's negligence in failing to provide a conductor to the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1190; Dec. Dig. § 320.*]

4. DAMAGES (§ 228*) — REMISSION — CURE OF ERRORS.

Where the court erred in an action for injuries in submitting to the jury plaintiff's right to recover special damages for medical services, the expenditures for which were not shown to have been reasonable, but plaintiff remitted from the verdict the entire amount claimed on that account, which was more than the amount proved to have been expended, the error was cured.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 576–579; Dec. Dig. § 228.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by Mrs. Virginia Hall against the Citizens' Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Appellee brought this suit for damages on account of injuries received by reason of the alleged negligence of appellant in failing to stop its car for a sufficient length of time to allow her to alight from said car, and in not having a conductor on said car. A trial before a jury resulted in a judgment for appellee for $2,500, from which judgment appellant prosecutes this appeal upon its assignments of error as hereinafter indicated.

### Findings of Fact.

Appellee at the time of the injury complained of was a passenger on appellant's street car on Austin street in the city of Waco, Tex. There was no conductor on said car. She desired to get off at Fourth street, and so informed a passenger sitting by her, who told her that he would ring the bell for the car to stop when they arrived at Fourth street. The evidence · is conflicting as to whether or not he did ring the bell, but shows that he informed her when they passed Fifth street, and that she knew that the car was approaching Fourth street. The regular stopping place here was not on Austin street, but on Fourth street, at the corner of Austin street, to reach which stopping place the car passed around a curve at the corner of Fourth and Austin. This fact was not known to appellee. Austin street runs at right angles to Fourth. It was on this curve, or just before going on the same, where the injury occurred. The cars sometimes stopped on Austin street before getting on the curve, by reason of being blockaded by other cars, and always slowed up before entering on the curve, and passengers frequently got off at said place, both when the car stopped and when it did not. The evidence is conflicting as to whether or not the car stopped on Austin street on this occasion; there being the positive testimony of disinterested witnesses each way. The evidence shows that appellee, who was an old lady, arose and went to the rear platform, and, the car either being in motion at the time or starting up just as she stepped off, she was thrown to the ground and her thigh was broken, from which she has suffered permanent injury, and will probably never be able to walk except with crutches.

Clark, Clark & Saunders, for appellant. O. M. Weatherby and Geo. N. Denton, for appellee.

JENKINS, J. (after stating the facts as above). [1] Appellant assigns error upon the third paragraph of the court's charge as being upon the weight of the evidence, in that it assumes that the car was stopped to let passengers off of the train. The language complained of is as follows: "It was the duty of defendant's motorman in charge of said car when he stopped said car to let passengers on or off to exercise such care," etc. This was that part of the charge wherein the legal duty of the motorman, he being in charge of the car, is defined in general terms. The law as thus announced is applied to the facts of this case in the fourth paragraph of the court's charge, wherein it is left to the jury to say whether

or not the car stopped; the following language being used: "Now if you believe from the evidence that the car upon which plaintiff was riding at said time stopped, or came to a standstill on Austin street before passing onto and around said curve," etc. In view of this language, it is not probable that the jury understood the court as expressing an opinion in the preceding part of the charge that the car had stopped, or came to a standstill in this instance, especially in view of the first and second paragraphs, wherein the court in stating the issues had informed the jury that plaintiff alleged that said car was stopped at the time she attempted to alight from same, and that defendant denied that said car was stopped at said time, but that plaintiff, without knowledge of the motorman, attempted to alight therefrom while the car was in motion, and concluded said charge with the statement that the jury were the exclusive judges of the weight of the evidence and the credibility of the witnesses.

[2] 2. Appellant complains of that portion of the fourth paragraph of the court's charge, wherein the jury are instructed to find for plaintiff, if they found that the car stopped or came to a standstill, etc.; the alleged vice being that said charge should have added to the words, "stopped or came to a standstill," the words, "for the purpose of allowing passengers to get on or off." The words above quoted with reference to the car stopping or coming to a standstill, etc., after submitting the issue as to the cause of the injury, are qualified as follows: "And you further believe from the evidence that the motorman was guilty of negligence in thus causing the car to move, if you find that he did, and that plaintiff would not have been injured but for such negligence, if any, upon the part of the motorman," etc. If the car stopped at a place where it might reasonably be expected that passengers would get off, and a passenger was injured by said car starting, who did not know that the car had not stopped for the purpose of allowing passengers to alight, as was the fact in this case, if the car stopped at all, and starting the car was negligence, we think the company would be liable without reference to purpose for which the motorman stopped the car; and, so believing, we hold that the charge herein complained of was not erroneous. The previous paragraph of said charge instructed the jury that "it was the duty of plaintiff while on said car, and while attempting to alight therefrom, to exercise ordinary care—that is, such care for her own safety as a person of ordinary care and prudence would exercise under the same or similar circumstances —to prevent being injured while attempting to alight from said car, and a failure, if any, upon her part to exercise such care, would be negligence on her part.

[3] 3. The court did not err in submitting to the jury as to whether or not it was negligence in appellant in failing to have a conductor on its car.

[4] 4. The court did not err in its charge as to the measure of damages, except as to the expenses incurred for medical attention and nursing. The appellee alleged such expenses to be $450. The proof showed that she had expended for such purposes $315. There was a general verdict for $2,500. The evidence did not show that such charges were reasonable. Under the decisions in this state, in the absence of proof showing that the amounts paid out for medical attention, medicine, nursing, etc., were reasonable, the plaintiff was not entitled to recover for such items. But this error was cured by the appellee's remitting in the court below $450 for such items. When the remittitur covers all that was claimed in the petition on account of such expense, and more than was shown by the evidence, it must be presumed that the error in submitting these items has been fully cured.

5. Under the evidence herein on the part of appellee, she was entitled to recover, unless she was guilty of contributory negligence. That issue having been submitted to the jury and decided in her favor, and, finding no error committed on the trial of this cause, the judgment of the trial court is affirmed.

Affirmed.