[Civ. No. 3187. First Appellate District, Division One.—February 3, 1920.]

BEN F. HOFFMAN, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

[1] INSTRUCTIONS—QUESTIONS OF FACT—ABSENCE OF PREJUDICIAL ERROR.—An instruction upon a question of fact forbidden by article VI, section 19, of the state constitution is not sufficient to require a reversal of the case where the evidence offered to prove such fact is uncontradicted and it does not appear from an examination of the entire record that such error resulted in a miscarriage of justice.

[2] NEGLIGENCE—INJURY WHILE ALIGHTING FROM STREET-CAR—RIGHT TO RECOVER—INSTRUCTIONS.—In an action for damages for personal injuries sustained while alighting from a street-car, an in-

———

2. Duty of street-car conductor to see that passenger is off before starting the car, note, 11 L. R. A. (N. S.) 140.

Negligence in starting car with jerk while passenger is alighting, notes, 13 L. R. A. (N. S.) 611; 23 L. R. A. (N. S.) 891; 29 L. R. A. (N. S.) 814; 34 L. R. A. (N. S.) 225; L. R. A. 1916C, 373.

struction, "if the car stopped to enable him to get off and started up again while he was getting off, he is entitled to recover," while not as full, is not in contradiction with an instruction, "If the car stopped, whether it stopped to enable the plaintiff to get off or whether it stopped for any other reason, if it stopped and the plaintiff started to get off and while he was getting off it started up again and threw him, then he is entitled to recover."

[3] ID.—RIGHT OF PASSENGER TO ALIGHT WHEN CAR STOPS—DUTY OF CARRIER.—Carriers of passengers upon railways owe to such passengers the highest degree of care, and this degree of care requires of such carriers, especially upon street-cars operated in cities, that whenever such cars come to a stop, whether at a regular stopping place or not, if such points of stoppage are such that passengers might properly and conveniently alight, that those in charge of the car advise themselves that passengers are not attempting to alight from their said car at such point of stoppage before again starting the car, and a neglect of this duty renders their principal liable.

[4] ID.—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF INSTRUCTIONS. In an action for damages for personal injuries sustained while alighting from a street-car, an instruction that if "the car did not stop but simply slowed down, and while it was actually in motion he tried to get off and was injured, he cannot recover," constitutes a sufficient instruction upon the question of the contributory negligence of the plaintiff where that is the only state of facts upon which a claim of contributory negligence on the part of the plaintiff could be predicated.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner and E. E. Morris for Appellant.

Crail & Crail for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor in an action for damages for personal in-

3. Duty of railroad company to allow time for passengers to board or alight from trains, notes, 7 Ann. Cas. 760; 14 Ann. Cas. 962; Ann. Cas. 1912C, 794.

4. Negligence in getting off or on a moving street-car, notes, 38 L. R. A. 786; 30 L. R. A. (N. S.) 270.

juries, alleged to have been suffered by the plaintiff while a passenger on one of the defendant's cars in the city of Long Beach, on the evening of January 16, 1917, the plaintiff averring that the said car had stopped to enable him to alight, but had suddenly started while he was in the act of alighting, whereby he was thrown to the pavement and injured.

The defendant's answer denied that the plaintiff was a passenger on any of its cars, and denied that the car came to a stop for the purpose of allowing plaintiff to alight, and denied that he attempted to alight at the time and place mentioned in the complaint, or that the car started while he was in the act of so alighting, and denied any negligence on the part of the defendant whereby plaintiff was injured; and, as a further and separate defense, pleaded contributory negligence on the part of the plaintiff.

Upon the trial of the cause a verdict was returned for plaintiff in the sum of $2,125, and, after a motion for a new trial had been made and denied, this appeal was taken.

The points raised by the appellant upon this appeal relate entirely to errors of the trial court in the giving or refusing to give certain instructions. In order to deal with the appellant's several points clearly and at the same time concisely, we deem it best to give in full that portion of the instructions of the trial court at which the appellant aims its several objections. After certain preliminary instructions, relative to the credibility or interest of witnesses and the like, the court proceeded as follows:

"Now, then, gentlemen, this case is in a very small compass. As I have already stated to you, there is no question but that plaintiff was a passenger on the car that Mr. Wilson and Mr. Shepherd were on. There is no question about that. He was a passenger on that car. He wanted to get off at Atlantic Avenue. The burden is upon the plaintiff to prove his acts by a preponderance of the testimony, that is, the burden is upon him to prove that the defendant was negligent, in order to entitle him to recover, and he must prove that by a preponderance of the evidence, that is, such evidence as, when weighed with that opposed to it, has more convincing force and from which it results that

45 Cal. App.—48

the greater probability is in favor of the party upon whom the burden rests.

"Now, then, all there is to the case is this: If the car stopped, whether it stopped to enable the plaintiff to get off, or whether it stopped for any other reason, if it stopped and the plaintiff started to get off, and while he was getting off it started up again and threw him, then he is entitled to recover. But, it was his business to know whether the car had stopped or not; he had no right to attempt to get off before it had stopped—he must know that. If, on the other hand, the car did not stop but slowed down, and he attempted to get off while the car was in motion, then he cannot recover. If, however, the car stopped—it does not make any difference whether it was at a street where it was a regular stopping place—if it stopped anywhere else he had a right to get off, and it was the conductor's business before the car started up again to know whether there was anybody getting off, and whether the car was in a situation so that it could start up again.

"Now, that is all there is to the case, gentlemen. I will say it again: If the car stopped to enable him to get off, and started up again while he was getting off, then he is entitled to recover. If, on the other hand, the car did not stop but simply slowed down, and while it was actually in motion he tried to get off and was injured, he cannot recover. That is all there is to the case."

[1] The appellant objects to the opening clause in the above-quoted instructions, reading: "Now, then, gentlemen, this case is in a very small compass. As I have already stated to you, there is no question but that the plaintiff was a passenger on the car that Mr. Wilson and Mr. Shepherd were on. There is no question about that. He was a passenger on that car. He wanted to get off at Atlantic Avenue"—as constituting an instruction upon a question of fact forbidden by article VI, section 19, of the state constitution. That the clause in the court's instruction last above quoted is an instruction as to a matter of fact there can be no question; but that is not sufficient of itself to require a reversal of the case, since it must also appear from an examination of the entire record that the defendant has been prejudicially affected thereby, and that the error complained of has resulted in a miscarriage of justice. A careful scrutiny of this record convinces us that

.the appellant has suffered no such prejudice from this misdirection of the jury as would justify a reversal of the judgment upon appeal. It is true that the defendant, in its answer, denied that the plaintiff was a passenger upon any of its cars at the time of the accident in question. Upon the trial the plaintiff produced two witnesses besides himself who testified positively that he boarded one of the defendant's cars at the corner of Pine and Broadway Streets, in Long Beach, at about 6:25 or 6:30 o'clock on the evening of his injuries; and also produced two other witnesses besides himself, who were at or near the scene of his injuries, and whose testimony tended strongly to show that he received his said injuries while in the act of alighting from one of the defendant's cars. The defendant introduced the testimony of two of its employees—the conductor and motorman—whose names are those mentioned in the foregoing instructions. These two witnesses testified that the car of which they were in charge left the corner of Pine and Broadway Streets, in said city of Long Beach, at 6:23 o'clock on the night in question; the motorman gave no evidence as to whether or not the plaintiff was upon said car, but did testify that his car did not stop at the alley where the plaintiff's injuries were received. The conductor gave similar testimony, and in addition stated that: "I have no recollection of seeing the plaintiff, Mr. Hoffman, on my car that evening. I don't remember having anyone on my car who wanted to get off at Third and Atlantic Avenue." Other than the evidence of these two witnesses the defendant offered no evidence upon the issue as to whether the plaintiff was a passenger upon one of its cars at and immediately prior to the time of his injuries.

In this state of the record we are unable to see how the defendant could have been prejudicially affected by the court's misdirection to the jury as to a question of fact. The plaintiff's evidence that he was a passenger upon some car of the defendant is uncontradicted. If he was not such passenger upon the car under the control of the motorman and conductor referred to by the court, then their testimony that their car did not stop at the alley in question goes for nothing. Their testimony, therefore, became material to the case only upon the theory adopted by the court in its said instruction that the plaintiff was a passenger upon

their car. The court's determination of this question, while an invasion of the right of the jury, was one which operated for the defendant's benefit rather than to its injury, since it rendered important the testimony of its said two witnesses upon the only vital matter to which they testified, viz., whether the car upon which the plaintiff was riding as a passenger did or did not stop at the place where his injuries occurred. We are, therefore, of the opinion that the misdirection of the trial court as to a question of fact did not amount to such prejudicial error as to entitle the appellant to a reversal of the case.

[2] The appellant's next contention is that the instructions of the trial court above quoted are contradictory to an extent which misled the jury as to the law of the case. The portions of the instructions thus assailed are these: In the earlier part of its instructions the court said: "If the car stopped, whether it stopped to enable the plaintiff to get off or whether it stopped for any other reason, if it stopped and the plaintiff started to get off and while he was getting-off it started up again and threw him, then he is entitled to recover." In a later portion of the same instruction the court said: "If the car stopped to enable him to get off and started up again while he was getting off, he is entitled to recover." While this latter statement is not as full as, the former one, we can see no contradiction between them by which the defendant could have suffered any injury. There was in fact no evidence whatever that the car, if it stopped at all, at the alley in question, stopped for any other reason or purpose than that of enabling the plaintiff to alight. The truth of the matter is, as disclosed by the entire record, that the only vital issue in the case, aside from the extent of the plaintiff's injuries, was as to whether the car upon which the plaintiff was riding did or did not stop at the point where he sought to alight; and upon this issue the trial court very clearly and succinctly stated what it deemed to be the law of the case stripped of all technical verbiage and dealing concretely with whichever view the jury might take as to the main fact in issue.

The appellant claims, however, as to its third ground of error, that the trial court in its foregoing brief and concrete instructions has failed to state correctly the law of the case. The contention of the appellant in that regard is this: That the evidence practically without contradiction

showed that the alley where defendant's car stopped, if it did stop, was not a regular stopping place for the purpose of taking on or discharging passengers, and that this being so, the carrier was not bound to look out for passengers intending or attempting to get off at such a place, and, hence, in order to establish negligence on the part of the carrier, the attention of its agents in charge of the car must have been called to the intent of the passenger to alight before they can be charged with negligence in starting the car while such passenger was, without their knowledge, in the act of alighting. We are unable to agree with the foregoing statement urged by the appellant as the law applicable to the instant case. [3] It is the law in this state that carriers of passengers upon railways owe to such passengers the highest degree of care, and this degree of care would require of such carriers, especially upon street-cars operated in cities, that whenever such cars come to a stop, whether at regular stopping places or not, if such points of stoppage are such that passengers might properly and conveniently alight, it would become the duty of those in charge of the car to advise themselves that such passengers were not attempting to alight from their said car at such point of stoppage before again starting the car, and a neglect of this duty would render their principal liable. The following authorities fully support this view: *Carr* v. *Eel River etc. R. R. Co.*, 98 Cal. 366, [21 L. R. A. 354, 33 Pac. 213]; *Raub* v. *Los Angeles etc. Ry. Co.*, 103 Cal. 473, [37 Pac. 374]; *West Chicago St. R. R. Co. v. Manning*, 170 Ill. 417, [48 N. E. 958].

In the case last cited the court quite clearly stated what we deem to be the law of this case, as follows: "Carriers of passengers are held to the exercise of the utmost or highest degree of care, skill, and diligence for the safety of the passenger that is consistent with the mode of conveyance employed. The car or train was in control of the conductor, and he was required to know, if by the exercise of due care, caution, and diligence in the discharge of his duties he could know, whether any person was attempting to get on or off his train or car, before permitting the same to start in such a manner as would be liable or likely to injure a person so getting on or off the same."

The following cases further support this view: *West Chicago St. R. R.* v. *Luka*, 72 Ill. App. 60; *Citizens' Ry.*

*Co.* v. *Hall* (Tex. Civ. App.), 138 S. W. 434; *Hufford* v. *Metropolitan St. Ry. Co.,* 130 Mo. App. 638, [109 S. W. 1062].

The instructions of the trial court herein are in harmony with the foregoing statement of the law, and hence are, in our opinion, correct.

The appellant finally contends that the trial court was in error in its refusal to give to the jury certain instructions requested by it. As to most of these instructions, they simply present in various forms the appellant's foregoing contention as applied to the instructions which the trial court gave, and hence it is not necessary to further discuss that portion of the appellant's requested instructions. [4] The appellant, however, also requested certain specific instructions upon its plea of contributory negligence on the plaintiff's part. These requested instructions are general in terms and, it may be conceded, correctly set forth the doctrine of contributory negligence as applicable to cases of this character, and hence might well have been given by the trial court; but upon an inspection of the instructions which the trial court actually gave as above quoted, it will be seen that as to the only state of facts upon which the appellant's claim of contributory negligence on the part of the plaintiff could be predicated the trial court said to the jury: "If, on the other hand, the car did not stop, but simply slowed down, and while it was actually in motion he tried to get off and was injured, he cannot recover." Thus, briefly, the trial court gave to the jury the entire meat of the defendant's claim and instruction respecting the plaintiff's alleged contributory negligence, and having thus done this, it was not incumbent upon it to complicate the situation in the minds of the jury by giving the defendant's expanded generality, even conceding it to correctly state the law.

No other errors being complained of the judgment is affirmed.

Waste, P. J., and Knight, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 1, 1920.

All the Justices concurred.