[Civ. No. 4351.   Second Appellate District, Division One.—December 10, 1923.]

## JOHN S. HARRIS et al., Appellants, v. UNION TRANSFER COMPANY OF LONG BEACH AND LOS ANGELES, an Association et al., Respondents.

[1] INSTRUCTIONS—QUESTIONS OF FACT—CONSTITUTIONAL LAW—NEW TRIAL.—Section 19 of article VI of the constitution forbids judges to charge juries with respect to matters of fact, and while an instruction to the jury upon a question of fact may not in itself be sufficient to warrant a reversal of the judgment in the case, especially if such fact be either admitted or uncontroverted, or where no other conclusion could be reached, and such error has not resulted in a miscarriage of justice, in the absence of some such qualification such action on the part of the trial judge will necessitate the granting of a new trial to the aggrieved party.

[2] NEGLIGENCE—AUTOMOBILE ACCIDENT—FAILURE TO LOOK—EVIDENCE —INSTRUCTIONS.—In this action for damages for the death of plaintiffs' mother as the result of having been struck and run over by an automobile truck owned and operated by defendant, one of the issues in the case having been that of the contributory negligence of the deceased, and the facts of the case having been such that the question whether she did actually look with ordinary care for approaching vehicles before attempting to cross that part of the street lying between the street-car and the sidewalk was one exclusively for the jury, it was prejudicial error to instruct the jury in effect that it was the duty of the deceased to look and that she did not do so, notwithstanding within the same instruction the jury was advised that it must ultimately determine the question of contributory negligence.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.   Reversed.

The facts are stated in the opinion of the court.

Harry J. McClean and Frank P. Doherty for Appellants.

W. I. Gilbert for Respondents.

HOUSER, J.—This is an appeal from a judgment on a verdict in favor of the defendant in an action for damages

brought by a guardian of minor children whose mother, Marion Harris, was killed in an automobile accident.

It appears that Mrs. Harris had been standing on the sidewalk near the intersection of two streets, at which point it was her intention to board a street-car. As the street-car approached Mrs. Harris left the sidewalk and walked near the rails of the street-car track. As she did so a man with whom she had been conversing on the street corner called out to her that she could ride with him. At just about that time Mrs. Harris turned, gave a scream and either walked very rapidly or ran toward the curb, and in doing so was struck and run over by an automobile truck owned and operated by defendant, and which truck had been following the street-car and which was passing the street-car at that time. The evidence further shows that at the time the accident occurred it was a clear day and that there was nothing to obstruct the view of either the driver of the truck or that of Mrs. Harris as to any of the immediate surroundings; but the evidence is conflicting as to the position of the truck with relation to either the street-car or to Mrs. Harris at the time the street-car stopped for the purpose of taking on passengers. The evidence is also conflicting as to the position occupied by Mrs. Harris with relation to the street-car just before she attempted to return to the sidewalk, as well as to the position of Mrs. Harris and the truck with relation to the curb at the time the truck struck Mrs. Harris.

Appellants contend that there are several reasons why a new trial should be granted; but for the purposes of this appeal it is deemed necessary that but one of them should be considered by this court. It has to do with one of the instructions given by the court to the jury as follows: "The court instructs the jury that every person has the right to presume that every other person will perform his duty and obey the law, and in the absence of reasonable ground to think otherwise, it is not negligence to assume that he is not exposed to danger which can come to him only from violation of law or duty by such other person. That, however, does not mean or go to the extent of saying that anybody can proceed without taking care and looking to see where they are going. It is for you absolutely in this case to say—I am not going to tell you whether the plaintiff was

guilty of negligence because she didn't look for the approaching automobile or not—it is for you to determine that. I say because she didn't, because the evidence is that she did not look and did not see it. It is for you under all the circumstances of the case to say whether she was or was not guilty of negligence proximately contributing to her injury under all the circumstances of this case.''

While of necessity there could be no positive evidence regarding the fact as to whether or not Mrs. Harris actually saw the truck just before she started from the street-car to go toward the sidewalk, the man who had called to her that she could ride with him testified that, so far as he knew, Mrs. Harris did not "look up the street and that she never did look"; and another witness testified, "I would say doubtlessly that she was looking westerly." A third witness, after testifying that the truck was in full view of the pedestrians of whom Mrs. Harris was one, stated: "Mrs. Harris, the deceased, had turned around, and I knew nothing of the call from the neighbor's window, or wherever it was from, but thinking that she had turned around and saw this truck coming, started to run back toward the curb, and by that time the truck was on her and had hit her.'' The testimony of other witnesses was, in substance, that Mrs. Harris screamed and then started to run in a southwesterly direction in front of the truck before it struck her.

It is suggested by appellants that the reason why Mrs. Harris screamed and then ran toward the sidewalk was because she had seen the truck bearing down upon her and had endeavored to escape the accident by running to a place of safety.

One of the issues in the case was that of the contributory negligence of Mrs. Harris, which necessarily involved the question of the failure of Mrs. Harris to use ordinary care for her own safety. If (without deciding the point) it be assumed that considering the facts of this case (as may have been determined by the jury) as being that the street-car had not stopped for the purpose of either discharging or taking passengers thereon at the time the truck was passing the street-car, a part of Mrs. Harris' duty was to look with ordinary care for approaching vehicles before attempting to cross that part of the street lying between the street-car and the sidewalk, it would follow that the decision of

the question of whether Mrs. Harris did actually so look was one exclusively for the jury.   [1]   Section 19 of article VI of the constitution forbids judges to charge juries with respect to matters of fact, and while an instruction to the jury upon a question of fact may not in itself be sufficient to warrant a reversal of the judgment in the case, especially if such fact be either admitted or uncontroverted, or where no other conclusion could be reached, and such error has not resulted in a miscarriage of justice (*Hoffman* v. *Pacific Electric Ry. Co.,* 45 Cal. App. 751 [188 Pac. 597]), the authorities of this state, which are so numerous as to require no citation, are to the effect that in the absence of some such qualification such action on the part of the trial judge will necessitate the granting of a new trial to the aggrieved party.   [2]   The instruction of which complaint is here made contains the statement (referring to the approaching automobile) that the evidence is "she did not look and did not see it"; and that "I am not going to tell you whether the plaintiff was guilty of negligence *because she didn't look for the approaching automobile,* or not—it is for you to determine that"; and also the further admonition that *no one "can proceed without taking care and looking to see where they are going."*   And although within the same instruction the jury is advised that it must ultimately determine the question of the contributory negligence, if any, on the part of Mrs. Harris, the effect of the instruction is to tell the jury that it was the duty of Mrs. Harris to look *and that she did not do so.*   It cannot be stated with certainty that the fact that Mrs. Harris did not look is either uncontroverted, or that no other conclusion could have been reached by the jury.   On the other hand, neither can it be said that the decision by the court of that particular feature of the case, and the consequent exclusion of a consideration thereof by the jury, did not result in a miscarriage of justice.   It is highly probable that the jury determined that the failure of Mrs. Harris to look (which failure, according to the judge's instruction, existed) amounted to negligence on her part; and if the jury then concluded that such negligence proximately contributed to the injury of Mrs. Harris, there was nothing left for the jury but to return a verdict in favor of defendant.

It would follow that the judgment should be reversed. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 6, 1924.