[S. F. No. 3049. Department Two.—November 1, 1904.]

## STEPHEN H. RISDON, Respondent, v. ENOCH YATES, Appellant.

ASSAULT AND BATTERY — CIVIL ACTION — AMENDED ANSWER — SELF-DEFENSE—ORDER STRIKING OUT—CURE OF ERROR—ALLOWANCE UPON REQUEST BEFORE JURY—PRESUMPTIONS.—In a civil action for damages for an assault and battery, where the defendant, without leave of court, filed an amended answer setting up a plea of self-defense, which was stricken out on motion on the day of trial, but was allowed to be filed on request made before the jury, any error in striking out the answer was cured by such request; and it cannot be held that the defendant was injured in the eyes of the jury

by having to make such request before them, but it must be presumed that the jury did their duty and decided the question of fact under the instructions of the court upon the pleadings as they then were.

ID.—EVIDENCE—PLEA OF GUILTY IN CRIMINAL CASE—ADMISSION—QUALIFYING DECLARATION EXCLUDED—PREJUDICIAL ERROR.—A plea of guilty in a criminal case in regard to the same assault and battery is not conclusive, and does not estop the defendant in a civil action therefor. It has merely the effect of an oral admission, and is governed by the rules applicable thereto. Where the plea of guilty was introduced by the plaintiff from the justice's docket, it was prejudicial to refuse to allow evidence of all that was said by the defendant when he made the plea qualifying the admission, where the evidence was sharply conflicting as to whether the plaintiff was or was not the aggressor in striking the first blow.

ID.—AMENDMENT TO OBVIATE OBJECTION TO EVIDENCE—OFFER NOT RENEWED — ESTOPPEL. — Where an amendment was allowed upon defendant's request to obviate an objection to evidence bearing on the question of who was the first aggressor, the offer of which was not renewed after the amendment, he cannot be permitted to ask this court to review the original ruling.

ID.—INAPPLICABLE INSTRUCTIONS.—Instructions, though abstractly correct, should not be given if they are inapplicable to the evidence and may mislead the jury.

APPEAL from a judgment of the Superior Court of Napa County. S. K. Dougherty, Judge.

The facts are stated in the opinion.

F. E. Johnston, H. L. Johnston, and L. E. Johnston, for Appellant.

T. B. Hutchinson, for Respondent.

COOPER, C.—This action was brought to recover damages for an assault and battery committed upon plaintiff by defendant. The jury returned a verdict for plaintiff, upon which judgment was duly entered. Defendant prosecutes this appeal from the judgment on the judgment-roll and a bill of exceptions. The bill of exceptions shows that the evidence was conflicting, and it is conceded that there is sufficient evidence to sustain the verdict. Several errors are claimed as to rulings of the court and in giving instructions. This discussion will be confined only to the matters deemed material.

More than ten days after the defendant had served his

original answer, and on the day set for trial, the defendant filed with the clerk and served upon plaintiff's attorney an amended answer, in which he set forth affirmatively an additional defense, that the alleged assault and battery was committed in self-defense. After the case was called for trial and the jury impaneled, the court, on motion of plaintiff's attorney, made an order striking the amended answer from the files, upon the ground that it had been filed without permission of the court.

Defendant contends that he had the right under section 472 of the Code of Civil Procedure to amend his answer once of course without permission of the court. It is not necessary to decide the question as to the ruling in striking out the answer. If any error was committed, it was cured by the court upon defendant's request making an order permitting the amended answer to be filed. It was filed, the case was tried upon the issues raised by it, and it is now in the record. We cannot hold, as contended by defendant, that the fact of defendant having to ask the court in the presence of the jury for leave to file his amended answer injured his case in the eyes of the jury. The jurors are not supposed to know or interest themselves with questions of law raised before the court during the trial. If every ruling made by the court in the presence and hearing of the jury could be investigated as to whether or not it might possibly have injured the rights of one of the parties, and thus be made the ground for reversing a case, there would be few verdicts that would stand. We must presume that the jury did its duty and decided the question of fact under the instructions of the court upon the pleadings as they are. Verdicts are not to be set aside for light, trivial, or imaginary errors.

The plaintiff called one Palmer, a justice of the peace, for the purpose of identifying the record in a criminal case of the People *v.* Defendant herein, and introduced the complaint in the criminal action and the docket of the justice showing that defendant had pleaded guilty and suffered a fine for the same assault and battery for which damages were recovered in this action. Defendant sought by cross-examination of the justice and by his own testimony to prove the entire statement made to the justice at the time defendant pleaded guilty concerning such plea and the reasons why defendant

made it. In other words, defendant sought by several ques-
tions to prove the entire statement in connection with the oral
plea, as made to the justice at the time and entered in his
docket. The court sustained the objections of plaintiff to each
of the questions by which it was sought to elicit the full state-
ment. In this the court erred. The evidence was sharply
conflicting, the defendant introducing evidence which if true
shows that plaintiff was the aggressor and struck the first
blow, while the plaintiff introduced evidence which if true
shows that the defendant, without provocation, willfully as-
saulted and beat him. It was thus for the jury to determine
where the truth lay, and they were to do this from seeing
and hearing the witnesses and from all the competent facts
and circumstances in the case. Now, the record of the plea
of guilty and judgment of conviction in the justice court was
not conclusive, and did not estop the defendant in the civil
case. If defendant had been acquitted in the justice court
on a plea of ''Not guilty'' he would not have been permitted
to introduce the record or prove such fact in this case as a bar.
This for the reason that the criminal proceeding was by the
state, and this plaintiff was not a party to it. Therefore, the
judgment in a criminal suit cannot be used in a civil action
to establish the facts on which such judgment rests. But
where a defendant has pleaded guilty in a criminal case the
plea and judgment are received in evidence as an admission,
but not as conclusive. ''It is therefore to be treated accord-
ing to the principles governing admissions, to which class of
evidence it properly belongs.'' (1 Greenleaf on Evidence,
16th ed., sec. 527a.) If an admission is testified to by a wit-
ness against a party, such party has the right in cross-exam-
ination to bring out the whole of what was said in direct con-
nection with and pertaining to the admission. In this case
the plaintiff was in effect allowed to prove that defendant
said or admitted that he was guilty of an assault and battery
upon plaintiff. This admission may have turned the scale
and caused the jury to disregard all the defendant's testi-
mony. The plaintiff was allowed to put in evidence the part
of the conversation or declaration to the justice which in
law amounted to an admission. The defendant was not al-
lowed to show that he stated other facts at the time which
showed that it was not an unqualified admission. The state-

ment of defendant in the form of an admission to the justice was allowed for the purpose of corroborating the evidence of plaintiff; the statement of defendant, if such statement was made, that plaintiff struck the first blow, was not allowed to go to the jury. It is certainly evident that this was receiving evidence only on one side of the controversy. The plaintiff was not bound to offer in evidence the admission made before the justice, but having done so the defendant was entitled to the whole of the declaration or admission. The fact that the justice wrote down part of it in his docket makes no difference. It was, after being written in the docket by the justice, but an oral admission of defendant. The entry by the justice was only the conclusion or opinion of the justice as to the effect of what defendant said. The question is, Did the defendant in words admit his guilt before the justice? If he did, what were the words and what did he say? When a part of a declaration or conversation is given in evidence by one party, the whole on the same subject may be inquired into by the other. (Code Civ. Proc., sec. 1854.)

It is said in Greenleaf on Evidence (vol. 1, sec. 201): "We are next to consider the effect of admissions when proved. And here it is to be first observed that the whole admission is to be taken together; for though some part of it may contain matter favorable to the party and the object is only to ascertain that which he has conceded against himself, for it is to this only that the reason for admitting his own declaration applies,—namely, the great probability that they are true; yet, unless the whole is received and considered, the true meaning and import of the part which is good evidence against him cannot be ascertained. . . . But though the whole of what he said at the time and relating to the same subject may be given in evidence, yet it does not follow that all the parts of the statement are to be regarded as equally worthy of credit; but it is for the jury to consider under all the circumstances how much of the whole statement they deem worthy of belief, including as well the facts asserted by the party in his own favor as those making against him."

The importance of having all that was said with reference to the subject-matter is well illustrated in Erskine's celebrated argument in Stocksdale's trial (22 How. St. Tr. 257), where he employs Algernon Sidney's famous illustration of

what might be a criminal charge against the publisher of the Bible for printing "(The fool hath said in his heart) there is no God." The words "there is no God" without the context might be selected and the publisher indicted for blasphemy.

In the Queen's case (2 Brod. & B. 287) it was held by the House of Lords that where a few lines of a letter were exhibited to a witness, the cross-examination might bring out the whole of the letter. It was there said that if the whole letter could not be put in evidence "thus the court may never be in possession of the whole, though it may happen that the whole, if produced, may have an effect very different from that which might be produced by a statement of a part."

In *Johnson* v. *Powers,* 40 Vt. 612, it is said: "The object of the party using such declarations or admissions against the party who made them is only to ascertain that which he conceded against himself, yet, unless the whole is received and considered, the true meaning and import of the part which is in evidence against him cannot be ascertained. It is therefore a rule of evidence that the whole declaration or admission of the party made at one time shall be taken together, but the jury are at liberty to believe a portion and disbelieve the other, as they are of all evidence."

It was said by Abbott, C. J., in 2 Dowl. & R. 361: "It is at all times a dangerous thing to admit a portion only of a conversation in evidence, because one part taken by itself may bear a very different construction and may have a very different tendency to what would be produced if the whole were heard; for one part of a conversation will frequently serve to qualify and explain the other."

The same rule was applied by this court where one party read an extract from testimony of the witness given by him in a previous judicial proceeding, and the court held that the other party might introduce in evidence the whole of such testimony. (*Hobart* v. *Terrill,* 68 Cal. 12.)

In the later case of *Granite Gold Mine Co.* v. *Maginness,* 118 Cal. 134, the rule is thus stated: "We think the general rule is well established that an entire admission must be taken together. This is essential to enable the court or jury to judge of the true extent of the admission, which, when taken entire, will often have a different import from that

which a partial account may convey." Our attention. is called to the cases of *Root* v. *Sturdivant,* 70 Iowa, 55, and *Hauser* v. *Griffiths,* 102 Iowa, 215, which hold the other way, but the reasoning of these cases does not commend them to us. We think they are not in accord with the best-considered cases. Nor can we say the rulings in this case were not prejudicial. It may have been that the admission as shown by the justice's docket was deemed by the jury to be of great weight, and of more force than all the testimony of defendant on the trial.

The defendant was a witness in his own behalf, and he claimed and testified that plaintiff was the aggressor and struck the first blow. He was asked in direct examination what had been the relations between himself and plaintiff up to the time of the alleged assault and battery. Counsel stated that the question was asked for the purpose of showing who was the aggressor. Counsel for plaintiff objected to the question upon the ground that it was irrelevant, incompetent, and not within the pleadings, as no justification had been pleaded. The court sustained the objection, and the ruling is claimed to be erroneous.

The record shows that immediately after the ruling the defendant asked permission of the court "to amend his answer so as to permit the evidence offered to be introduced."

Defendant was granted leave to amend his answer. He did amend it by setting up affirmatively that plaintiff was the aggressor and first assaulted the defendant. He does not appear to have renewed his attempt to get the evidence before the court. The question was not again asked of the witness. Under such circumstances we would not hold the ruling erroneous, conceding the evidence to be competent and material. If the defendant after obtaining leave to amend his answer so as to make the evidence admissible under the views of the trial judge did not take the trouble to renew his offer, he cannot be permitted to ask this court to review the case on the ruling. He took the trouble to place his pleadings in shape to obviate the objection, but does not appear to have deemed the matter of sufficient importance to renew his offer.

Objection is made to several instructions the effect of which was to tell the jury that before a party can use force to eject a trespasser from his lands he must direct the trespasser to

remove, give him sufficient time to do so, and then, if he does not remove, no more force can be used than is reasonably necessary to remove him. These instructions are not objected to as propositions of law, but defendant claims that there is no evidence tending to show that the injuries received by plaintiff were received by him by reason of any attempt on the part of defendant to eject him as a trespasser from the premises.

We find no evidence in the record to which the instructions are applicable. The defendant placed his defense entirely upon the theory that the assault and battery upon plaintiff was done by defendant in self-defense. The instructions may have misled the jury, and should not have been given. While it is not necessary to hold that the instructions of themselves would be sufficient error to justify a reversal of the case, it would be safer not to give them upon a retrial, unless there should be evidence to which they would be applicable.

We advise that the judgment be reversed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.

McFarland, J., Lorigan, J., Henshaw, J.