[Civ. No. 7211. First Appellate District, Division Two.—August 13, 1930.]

CLARENCE CHERRY, Respondent, v. WILLIAM A. DELANEY, Appellant.

Ford & Johnson and Fletcher A. Cutler for Appellant.

Gillis & Edwards for Respondent.

NOURSE, P. J.—Plaintiff sued for injuries resulting from an automobile collision. The cause was tried before a jury and resulted in a verdict for plaintiff for seven thousand five hundred dollars. This the trial judge reduced to four thousand five hundred dollars. The defendant appeals on typewritten transcripts.

At about 9 P. M. on the evening of January 23, 1929, plaintiff was operating his automobile north on Market Street, in the city of Oakland  As he approached the intersection of Market and Eighth Streets he saw defendant's machine approaching the intersection on his left, traveling at a high rate of speed. When plaintiff first saw defendant's machine it was about one hundred and fifty feet from the intersection, and plaintiff assumed that he had ample time to cross the intersection ahead of defendant. The collision occurred while plaintiff's car was at the north rail of the north street-car track running on Eighth Street, defendant's car striking the left rear wheel of plaintiff's machine, turning it completely around.

Defendant's negligent operation of his vehicle while under the influence of intoxicating liquor is not seriously controverted. The points raised in the attack upon the judgment relate to instructions given or refused and to the plea of contributory negligence. ■ Criticism is made of instruction 34, relating to right of way. Though incomplete, it is cured by instruction 43. ■ Instructions 35 and 39 are attacked because they cover the issue of defendant's negligence without *fully* covering the issue of contributory negligence. There is no merit in the criticism. These are not "formula" instructions. They correctly state the law on the matters to which they are directed, while the issue of contributory negligence was fully covered in other instructions given. ■ We do not need to cite authority to the point that the instructions are to be read as a whole, or that the mere numbering of the paragraphs does not demand that each paragraph be complete.

■ Complaint is made of the refusal of the trial judge to give to the jury ten listed instructions proposed by the defendant. Each of these proposed instructions was refused

because the subject matter was "covered by instructions given." In presenting the point the bold statement is made that no one of the proposed instructions is covered by "other instructions *requested by plaintiff*." This may be true, as the record does not disclose what, if any, instructions were requested by plaintiff. But the fact is that each and every proposed instruction was covered by an instruction actually given, and whether these were given by the court of its own motion or requested by plaintiff is of no consequence.

Finally it is argued that the judgment should be reversed because the plaintiff was guilty of contributory negligence as matter of law. The point is that by plaintiff's own testimony he showed that he knew of the excessive rate of speed at which defendant was traveling, and that he thus put himself in a position of apparent danger when, by the exercise of ordinary caution, he could have avoided the collision. There is much force in defendant's argument when addressed to the trier of the fact of contributory negligence. Plaintiff's testimony is incredible in many respects; he is like the man who doth protest too much. But, with all its inconsistencies, the jury believed the testimony, and that closes the issue, because it is purely one of fact. The circumstances under which a court can declare that certain acts constitute contributory negligence as matter of law are rare, as we endeavored to make clear in *Schwartz* v. *Acme Express Co.*, 102 Cal. App. 615 [283 Pac. 358].

The judgment is affirmed.

Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 12, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 6, 1930.