[L. A. No. 11108. In Bank.—March 25, 1931.]

H. T. McCOULOU, Respondent, v. ALFONSO R. VEJAR, Appellant.

· George L. ·Creer, Z. B. West, Jr., and S. B. Kaufman for Appellant.

· No appearance for Respondent.

WASTE, C. J.—The defendant appeals from a judgment entered against him for $8,000 and costs in an action brought by plaintiff to recover damages for personal injuries caused by a collision between an automobile driven by plaintiff and another automobile driven by the defendant. Respondent having failed to file any reply to the appellant's opening brief, the cause stands submitted upon an order to the respondent to show cause why the judgment should not be reversed.

The collision occurred at about 7:30 o'clock on an evening in January. Plaintiff was driving his automobile easterly on a private road in the county of Orange. According to the evidence in support of the plaintiff, when about fifty feet from the point where the private road intersects Carolina Avenue, a paved highway, he first saw the defendant's machine approaching the intersection from the north and on his left, and approximately one-quarter of a mile away. Plaintiff thereupon proceeded the intervening distance to the intersection, stopped his car, looked to the north and south on Carolina Avenue, and, assuming that he had ample time to cross the paved roadway to the easterly side and turn to the north thereon before defendant would arrive at the intersection, he gave the required hand signal indicating a left-hand turn, and proceeded on to Carolina Avenue. As plaintiff's car entered that avenue, defendant was approximately three hundred feet away. Plaintiff then for the first time discovered that the defendant was traveling at an excessive rate of speed. In an endeavor to avoid a collision the plaintiff accelerated his car, but to no avail. As his car reached the center of the roadway defendant's machine violently struck plaintiff's car on the left side. Plaintiff and his minor son were thrown from the machine and rendered unconscious.

A disinterested witness testified that just prior to the accident, and when approximately one-half mile north of the intersection, the defendant was traveling "not less than fifty miles" an hour. Defendant's version is to the effect

that when he was about fifty feet north of the intersection, and traveling at a speed of thirty miles an hour, he saw the plaintiff's car proceeding at a moderate rate of speed, at about an equal distance from the intersection; that plaintiff decreased his speed as though he intended stopping, and then suddenly "stepped on it" with the resulting collision.

The evidence is conflicting. Our examination of the record satisfies us that there is ample support therein for the jury's implied finding that the negligence of the defendant was the sole and proximate cause of the accident. Nor do we find any merit in the contention that plaintiff's own testimony proves him to have been contributorily negligent as a matter of law in attempting, under the circumstances, to cross the path of a vehicle proceeding along Carolina Avenue. A similar contention, based on a state of facts substantially identical with those now before us, was found to be without merit in the recent case of *Cherry v. Delaney*, 107 Cal. App. 655 [290 Pac. 895]. As there pointed out, the circumstances under which a court can declare that certain acts constitute contributory negligence as matter of law are rare. Whether plaintiff acted in a reasonable and prudent manner in thus attempting to cross in front of the defendant's car presented, along with the other issues in the case, merely a question of fact which the jury resolved in plaintiff's favor.

Appellant argues that the court erred in refusing an instruction which, if given, would have told the jury that "there is no speed limit on the highways of this state . . . " . The proposed instruction contained an incorrect statement of the law and was properly refused. While it is true that section 113 of the California Vehicle Act (Stats. 1927, p. 1436) does not purport to fix any definite number of miles per hour at which speed a driver may propel an automobile and escape responsibility on the claim that he did not exceed such speed limit, but rather requires that motor vehicles be driven at all times and under all circumstances "at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, . . . ", and so as not "to endanger the life, limb or property of any person" (subd. a), yet the section does specify certain maximum speed limits for designated places beyond which it is unlaw-

ful to propel a motor vehicle. (Subds. b and c.) In this connection see *Benjamin* v. *Noonan*, 207 Cal. 279, 282, 283 [277 Pac. 1045]; *Krause* v. *Rarity*, 210 Cal. 644 [293 Pac. 62]; *Buzby* v. *Lewis*, 103 Cal. App. 124, 126, 127 [283 Pac. 958]; *Armstrong* v. *Day*, 103 Cal. App. 465, 471 [284 Pac. 1083]; *Davis* v. *Brown*, 92 Cal. App. 20, 24 [267 Pac. 754]. The court therefore properly refused the instruction and correctly informed the jury that at the time of the accident here involved "the maximum legal rate of speed of an automobile traveling on a public highway . . . where said highway is in neither a residence district nor a business district, is forty (40) miles per hour".

We have examined the remaining two instructions designated by the defendant, one of which was given and the other refused, and find nothing of a prejudicial character in the court's action. The charge to the jury was full, fair and accurate, and covered all of the issues in the case. The judgment is affirmed.

Richards, J., Shenk, J., Seawell, J., Langdon, J., Preston, J., and Curtis, J., concurred.