[Civ. No. 8691. First Appellate District, Division Two.—February 25, 1933.]

ALBERT J. BEUTTLER, Respondent, v. ARTHUR H. MANN et al., Defendants; G. BARONE et al., Appellants.

J. Hampton Hoge and A. Dal. Thomson for Appellants.

James Snell and Chester E. Ross for Respondent.

STURTEVANT, J.—In an action to recover damages for personal injuries the jury returned a verdict in favor of the plaintiff and from the judgment based thereon Richfield Oil Company of California, a corporation, Richfield Oil Company, a corporation, and G. Barone have appealed.

On the evening of the 23d of January, 1927, the defendant A. H. Mann was driving a Ford truck south on the state highway at a point immediately south of the bridge across San Benito River. The plaintiff was seated at his right and was riding with him. When they reached the point above mentioned the defendant G. Barone, as the employee of the corporate defendants, was driving on oil truck, with trailer attached, in the same direction. The Ford truck collided with the rear end of the trailer and the plaintiff was injured. He commenced his action against A. H. Mann, who was driving the Ford truck, and against G. Barone and the latter's corporate employers, charging all of them with negligence. On a former trial the jury returned a verdict in favor of the defendant A. H. Mann. In presenting their evidence the parties respectively claimed that the other party was guilty of several different acts of negligence. The plaintiff claimed that Barone and his employers

were guilty of negligence because (1) in violation of the statute (sec. 99, California Vehicle Act), the oil truck and trailer did not have rear lights and (2) that said truck and trailer were at the time of the accident parked on the traveled portion of the highway and not off thereof as required by the statute (sec. 136). The defendants claimed that the plaintiff was guilty of contributory negligence (1) for continuing to ride with a driver after he knew the driver was drunk; and (2) for continuing to ride with a driver after he knew the driver was not a careful driver because after dark he drove at a high and excessive rate of speed although his headlights were so defective he could not see objects in the highway.

Acting upon the request of the plaintiff the trial court gave two instructions on the subject of sudden peril. Neither one contained a limitation that that principle may be relied on only by one who is himself free of negligence. The defendants assign both instructions as prejudicial error. Under the facts of this case the contention may not be sustained. Before Mann overtook the trailer there was no evidence that a sudden peril existed at any time. No claim was made that at that time the plaintiff should have jumped to save himself. When the plaintiff first saw the trailer he testified he was twenty feet away and traveling thirty miles per hour. Therefore neither instruction was addressed to any issue made by the pleadings nor to the proof. The driver, Mann, was not suing as plaintiff but he was being sued. Furthermore, he had been dismissed by the verdict of another jury. The instructions complained of were, as between the parties then before the court, foreign to the case. Freely conceding that both instructions were incomplete statements of the law, neither could have been a help nor a hindrance to the jury in arriving at a verdict on the issues that were before that body. Such errors are not prejudicial and do not warrant a reversal on appeal. (*Armstrong* v. *Day,* 103 Cal. App. 465, 470 [284 Pac. 1083]; 2 Cal. Jur., p. 1026.)

The defendants also complain of another instruction given at the request of the plaintiff. It is claimed that it is a formula instruction and objectionable because it omits many elements. (*Pierce* v. *United Gas & Electric Co.,* 161 Cal. 176 [118 Pac. 700].) However, we think a fair reading of the language used shows the instruction does not

purport to direct a verdict and therefore it is not objectionable under the authority cited. It closes with the statement that "your verdict must be in favor of the plaintiff on this issue". That language is quite plain that it was intended to omit all items but one. If it was correct on that one, then the court did not commit prejudicial error in giving it. ▮▮▮ The issue treated in the instruction was as follows: "I instruct you that if you find from the evidence that the said defendant G. Barone was operating a truck and trailer upon a public highway in this state during the period from a half hour after sunset to a half hour before sunrise, and that said trailer did not carry at the rear thereof a lighted lamp exhibiting a red light plainly visible under normal atmospheric conditions for a distance of five hundred feet, then the said defendant was violating a law of this state, . . . " We think that language was sound law as far as it went. But the defendants claim it omitted all mention of proximate cause and all mention about said violation having been excused. If the instruction had purported to define the negligence of the defendants, those objections would be good, but to say it so purported is to read words into it that are not there. It merely purports to define what constitutes one specific violation of law. Continuing the instruction was as follows: " . . . and if you further find from the evidence that the alleged contributory negligence on the part of the plaintiff consisted solely in a failure on his part to anticipate or foresee that the said defendant would so violate such law, then the plaintiff was not guilty of contributory negligence as a matter of law and your verdict must be in favor of the plaintiff on this issue." That part is also sound. But, the defendants claim, it omits many other acts of commission or omission on the part of the plaintiff claimed by defendants to constitute contributory negligence. But, merely because the language is strictly confined to one element, does not justify the defendants in complaining. The plaintiff was not bound to have all of his instructions embodied or condensed into one. Turning to the other instructions which were given, it is perfectly clear that the other acts complained of were elsewhere covered and that the instructions, all read together, were a full and complete statement of the law applicable to the case.

■ The defendants also complain because the trial court refused to give four of their requested instructions—XIX to XXII, both inclusive. The second and third purported to state that if the negligence of Mann was the cause of the accident these defendants were not liable. The negligence, if any, of these defendants had been covered in several instructions that were full and complete. The defendant Mann had been dismissed by verdict. Those requests were properly refused. (*Muller* v. *Hale*, 138 Cal. 163, 168 [71 Pac. 81].) The other two requested instructions were to the effect that if the jury found the accident was caused by the negligence of Mann and that these defendants were not negligent then these defendants would not be liable. The reasoning applicable to the first two applies to the remaining two.

■ The verdict returned fixed the plaintiff's damages in the sum of $20,000. The defendants complain that said sum is excessive. The accident happened January 23, 1927; the trial was had November 16, 1931. After the accident the plaintiff was taken to a hospital where apparently he received good care and in the hands of Dr. Hull received expert treatment. In an attempt to knit the broken bone Dr. Hull put the arm in an aeroplane sling for eight weeks. The bone did not knit. He then put on metal splints. Result was the same. Patient was then sent to Letterman Hospital. There a silver plate was attached. The bone did not knit and the plate was removed. Furthermore, after several weeks had passed and the bone had not knit an operation of bone-grafting was had. Nevertheless the bone did not knit and such was the condition at the time of the trial. Dr. Hull testified that another operation was necessary. He stated that either a metallic plate should be attached to the bone or that another attempt should be made to obtain an effective grafting of bone. The plaintiff employed a competent physician and had followed his orders in every respect. If and when another operation is had the plantiff will suffer more pain and incur further expenses. The plaintiff testified that in all respects he had obeyed the orders of his physicians. At the time of the trial he had incurred medical expenses to the amount of $361.25. The period elapsing from the date of the accident was fifty-eight months. At $225 per month the loss in wages was $13,050. During that

same period he earned $2,180, leaving a net loss of nearly $11,000. Special damages down to the date of the trial amounted to about $11,500. Deducting that amount from the sum fixed in the verdict leaves $8,500 as the amount of the award for general damages and special damages to be hereafter sustained. The plaintiff's expectancy was 28.90 years. All of these circumstances being considered we may not say the verdict was excessive. (*Kelley* v. *Hodge Transp. System,* 197 Cal. 598, 610 [242 Pac. 76].)

The judgment is affirmed.

Spence, Acting P. J., and Goodell, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 27, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1933.